**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALLEN ALEXANDER PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-1137-D |
| | ) | |
| SHERIFF P.D. TAYLOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 113] issued by United States Magistrate Judge Amanda Maxfield Green on November 22, 2022. Judge Green recommends a dismissal under Fed. R. Civ. P. 4(m) of Plaintiff's action against multiple defendants who have not been served with process in this case, which was filed over three years ago and is proceeding under the Amended Complaint [Doc. No. 46] filed November 6, 2020.

Plaintiff, a state prisoner who appears *pro se*, has filed a timely objection within the extended deadline set by the Court. *See* 12/28/22 Order [Doc. No. 117]. Plaintiff states three reasons why timely service should be excused or a dismissal for lack of service should not be ordered: 1) a November 2020 motion (with the Amended Complaint) in which he requested a service deadline, is missing from the case file; 2) service of process should be "deemed" completed as to defendants who received actual notice of the lawsuit; and 3) case filings by the district attorney's office on behalf of some county defendants, such as former sheriff P.D. Taylor, show that two other county defendants (former district attorney David

Prater and the Board of County Commissioners) received notice of this lawsuit.  *See* Pl.'s Obj. [Doc. No. 119] at 1-2.  The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon *de novo* consideration, the Court finds that Plaintiff has not served Defendants Jason Everhart, Sean McKeehan, Ronnie Neal, Gene Bradley, the Board of County Commissioners of Oklahoma County, David Prater, Kelly Collins, Major Herron, Deputy Boren, and Sergeant Whittington.  Plaintiff's argument that defendants with actual notice of a lawsuit may be "deemed" served is incorrect; he relies on inapposite legal authority regarding substantial compliance with a statutory provision for service.  *See* Obj. at 2 (citing *Pendleton v. Bd. Cnty. Comm'rs*, Case No. CIV-18-707-G, 2019 WL 4752269, *3 (W.D. Okla. Sept. 30, 2019) (unpublished) (denying Rule 12(b)(5) motion to dismiss for insufficient service).  In any event, Plaintiff has not shown that any unserved defendant received actual notice of being sued in this case.  The Court also finds that Plaintiff has not identified a substantial reason why the recommended dismissal should not be ordered.

Notably, Plaintiff does not make any specific objection to Judge Green's findings and conclusions under Rule 4(m), and thus, Plaintiff has waived further review of the issues addressed in the R&R.  *See United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("an objection stating only 'I object' preserves no issue for review").  Further, the Court finds that Judge Green states the correct legal standard and fairly applies it to the circumstances presented.  Plaintiff has not shown good cause for the lack of service nor

articulated why more time for service should be granted.[1]  Thus, for the reasons stated by Judge Green, the Court finds that Plaintiff's action against all unserved defendants should be dismissed without prejudice under Rule 4(m) and that the case should proceed against only the served defendants.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 113] is **ADOPTED**.  Plaintiff's action against Defendants Jason Everhart, Sean McKeehan, Ronnie Neal, Gene Bradley, the Board of County Commissioners of Oklahoma County, David Prater, Kelly Collins, Major Herron, Deputy Boren, and Sergeant Whittington is **DISMISSED** without prejudice to refiling.

**IT IS SO ORDERED** this 27th day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1]  Although the court of appeals has not conclusively defined "good cause" for purposes of Rule 4(m), the court "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 174 (10th Cir. 1996); *see also Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. 2014).  Absent good cause, "the district court may in its discretion either dismiss the case without prejudice or extend the time for service," but it is not an abuse of discretion for the district court to decline an extension where none is requested.   *Murphy*, 556 F. App'x at 668-69 (quoting *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).